# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID STUEBE and PAIGE STUEBE, | : | |
|    Husband and Wife, | : | |
|    Plaintiffs | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 18-4035 |
| | : | |
| SS INDUSTRIES, LLC, | : | |
|    Defendant | : | |

**Jones, II  J.**                                                                                               **August 26, 2019**

## <u>MEMORANDUM</u>

**I.    INTRODUCTION**

      Defendant S.S. Industries, LLC moves for Summary Judgment under Federal Rule of Civil Procedure 56.  In so moving, Defendant seeks final judgment in its favor on all of Plaintiffs' claims pursuant to a suit-limitation clause. For the reasons set forth below, Defendant's Motion for Summary Judgment shall be granted.

**II.    BACKGROUND**

      On or about April 24, 2017, Plaintiff David Stuebe ("Mr. Stuebe") agreed to purchase a spiral-staircase kit from Defendant by signing an order form ("Purchase Agreement" or "Agreement"), which incorporates by reference a set of online terms and conditions including a ninety-day suit-limitation clause and a forum-selection clause.  (Compl. ¶ 3.2, ECF No. 1; D. Stuebe Decl. ¶¶ 13-21, ECF No. 17.)  The spiral-staircase kit arrived on June 29, 2017.  (Compl. ¶ 3.4.)  On or about July 5, 2017, Mr. Stuebe injured himself while installing the spiral-staircase in accordance with Defendant's installation instructions.  (Compl. ¶ 3.12; D. Stuebe Decl. ¶ 22.) On that same day, Mr. Stuebe sent an email to one of Defendant's representatives, explaining that he had been seriously injured while trying to assemble the staircase and asking Defendant to

send someone out to finish the installation. (Email from D. Stuebe to C. Strader, (Jul. 5, 2017, 09:18 Time Zone Uncertain) (Wolfe Decl. Ex. E, ECF No. 14).) On October 11, 2017, ninety-nine days after the accident, Plaintiffs filed a complaint against Defendant in the United States District Court for the Western District of Washington. (Compl. 1.) On May 24, 2018, Defendant moved for summary judgment in the Western District of Washington, seeking dismissal of Plaintiffs' claims pursuant to the Purchase Agreement's suit-limitation clause, or in the alternative, to have the case transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to the Agreement's forum-selection clause. (W.D. Wash. Mot. Summ. J. 1, ECF No. 12.)

### A. Previous Rulings

The Honorable Benjamin H. Settle granted Defendant's first Motion for Summary Judgment in part and denied it in part without prejudice while also granting Defendant's Motion to Transfer to the Eastern District of Pennsylvania. (J. Settle Opinion 10, ECF No. 22.) In so ruling, Judge Settle held the terms and conditions for the purchase of the spiral-staircase were incorporated by reference into the Order Form. (J. Settle Opinion 6, 10.) Moreover, Judge Settle held that Mr. Stuebe manifested assent to these terms and conditions by signing the order form. (J. Settle Opinion 7.) After holding the foregoing, Judge Settle proceeded to determine the validity of the forum-selection clause but not the suit-limitation clause. (J. Settle Opinion 8.) Judge Settle acknowledged that Defendant sought judgment on the suit-limitation clause but, upon finding the forum selection clause to be valid, he transferred to allow the parties' chosen forum to determine the validity of the suit-limitation clause. (J. Settle Opinion 8.) Thus, after concluding the forum-selection clause is valid and enforceable, Judge Settle transferred the case to this Court. (J. Settle Opinion 10.)

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(a), a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "If the moving party meets its burden, the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal citations and quotation marks omitted). Therefore, in order to defeat a motion for summary judgment, the non-movant must establish that the disputes are both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law; and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[A] nonmoving party must adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in its pleadings[.]" *Williams v. West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (citation omitted). Accordingly, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "At the summary judgment stage of proceedings, courts do not 'weigh the evidence or make credibility determinations,' but, instead, leave that task to the fact-finder at a later trial if the court denies summary judgment." *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014) (quoting *Petruzzi's IGA Supermarkets v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993)).

## IV. DISCUSSION

Because Judge Settle did not rule on the validity of the ninety-day suit-limitation clause, that is the issue before this Court—whether the suit-limitation clause is valid and enforceable. Defendant argues the ninety-day suit-limitation clause contained in the terms and conditions is enforceable under Pennsylvania law and should therefore preclude Plaintiffs' claims from proceeding because they filed their complaint ninety-nine days after the date of the accident. (Mot. Summ. J. 5.) Plaintiffs argue the ninety-day suit-limitations clause at issue here is both manifestly unreasonable and unconscionable, and therefore is not enforceable. (Pls.' Resp. 5, ECF No. 5.)

### A. Manifestly Unreasonable Standard

In support of its position that the ninety-day suit-limitation clause at issue here is reasonable and enforceable, Defendant points to Pennsylvania's long history of upholding suit-limitation clauses and to a Pennsylvania statute that sanctions suit-limitation clauses that are "'[not] manifestly unreasonable.'" (Mem. Supp. Mot. Summ. J. 3-4 (citing Pennsylvania cases and quoting 42 Pa.C.S. § 5501(a)).) Defendant relies heavily on *Ferguson v. Manufacturers' Casualty Ins. Co.*, 195 A. 661, 663-664 (Pa. Super Ct. 1937), which upheld a ninety-day suit-limitation clause, and *Delosky v. Penn State Geisinger Health Plan*, No. 4:00-cv-01066, 2002 U.S. Dist. LEXIS 17188, at *19 (M.D. Pa. Apr. 23, 2002), which upheld a sixty-day suit-limitation clause. Plaintiffs counter there is no case in which the Pennsylvania Supreme Court upheld a three-month suit-limitation provision and there is no case in which any Pennsylvania court upheld a three-month suit-limitation provision in a product liability lawsuit. (Pls'. Resp. 9, 11.) Plaintiffs seek to distinguish *Ferguson* and *Delosky* on the grounds that said cases concerned insurance claims whereas this case concerns product liability. (Pls'. Resp. 9-10.)

On the one hand, as Defendant notes, under Pennsylvania law, parties may shorten a statute of limitations period if the agreed-upon period is "not manifestly unreasonable." 42 Pa.C.S. § 5501(a). On the other hand, as Plaintiffs note, the Pennsylvania Supreme Court has not spoken to the reasonableness of a ninety-day suit limitation provision. In fact, there is little case law in Pennsylvania addressing exactly how long is "not manifestly unreasonable." *See PSC Info Group v. Lason, Inc.*, 681 F. Supp. 2d 577, 587 (E.D. Pa. 2010) (also finding a paucity of case law on the manifestly unreasonable standard). However, in the absence of a superseding ruling on ninety-day suit limitation clauses by the Pennsylvania Supreme Court, the Pennsylvania Superior Court's ruling in *Ferguson* remains instructive. In *Ferguson*, the Pennsylvania Superior Court found a contractually-agreed-upon ninety-day suit-limitation provision to be "not unreasonably short," and upheld it because the parties agreed to it. *Ferguson*, 195 A. at 663-664. Given Judge Settle's holding here that Plaintiffs agreed to the terms and conditions incorporated by reference into the Purchase Agreement, without a convincing basis for finding the ninety-day limitation manifestly unreasonable, the rationale of *Ferguson* applies equally here.

Furthermore, Plaintiffs' attempt to distinguish *Ferguson* and *Delosky* as insurance cases is not persuasive. This Court finds no reason why a suit-limitation clause in a sales contract governing the time period for initiation of a product liability action should be treated differently than a suit-limitation clause in an insurance contract governing the time period for initiation of an indemnification action. The manifestly unreasonable standard for contracting to shorten suit-limitation periods is not confined to the insurance context. Rather, § 5501(a), which codifies the manifestly unreasonable standard, applies to contract law in general. *See, e.g., Q. Vandenberg & Sons, N. v. Siter*, 204 A.2d 494, 498 (Pa. Super. Ct. 1964) (applying language similar to that

found in § 5501, before enactment of § 5501, in the context of a breach of product warranty case); *Maxatawny Twp. v. Kutztown Borough*, 113 A.3d 895, 903 (Pa. Commw. Ct. 2015) (applying § 5501 in the context of an intergovernmental development contract dispute); *Hornberger v. Commonwealth Sec. Sys. Corp.*, 42 Pa. D. & C.4th 531, 534-535 (Pa. Comm. Pls. Ct. 1998) (applying § 5501 in the insurance context and collecting cases that do the same); *PSC Info Group*, 681 F. Supp. 2d at 587 (applying § 5501 in the context of a service contract dispute); *Grosso v. Fed. Express Corp.*, 467 F. Supp. 2d 449, 456 (E.D. Pa. 2006) (applying § 5501 in the context of an employment contract dispute). If anything, emphasis on the product liability aspect of Plaintiffs' suit supports a shorter statute of limitations period than emphasis on the contractual aspect since Pennsylvania's statute of limitations for torts is shorter than its statute of limitations for contracts. *Compare* 42 Pa.C.S. § 5524, *with* 42 Pa.C.S. § 5525.

Although guidance on the manifestly unreasonable standard is sparse in Pennsylvania case law, it is not non-existent. The Superior Court upheld a ninety-day suit-limitation clause in *Ferguson* and this Court sees no compelling basis to distinguish between the clause in *Ferguson* and the clause at issue here. Furthermore, rulings like the one in *Ferguson* are not unheard of in other jurisdictions. *See, e.g., Henderson v. Canadian Pac. R. Co.*, 155 N.E. 1, 2 (Mass. 1927) (upholding a ninety-day suit-limitation clause in a personal injury case); *Letourneau v. FedEx Ground Package System, Inc.*, Civil No. 03-530-B, 2004 U.S. Dist. LEXIS 6165 (D.N.H. Apr. 7, 2004) (upholding ninety-day suit-limitation clause contained in an independent contractor agreement). Therefore, this Court holds that under the particular facts of this case, the ninety-day suit-limitation clause contained in the parties' Purchase Agreement, although relatively short, is not manifestly unreasonable.

B. **Unconscionability**

Plaintiffs also contend the suit-limitation clause is both procedurally and substantively unconscionable. (Pls'. Resp. 6.) "To prove unconscionability under Pennsylvania law, a party must show that the contract was both substantively and procedurally unconscionable." *Quilloin v. Tenet Health System Phila., Inc.*, 673 F.3d 221, 230 (3d Cir. 2012). Thus, under Pennsylvania law, "unconscionability requires a two-fold determination: that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions." *Harris v. Green Tree Fin. Corp.,* 183 F.3d 173, 181 (3d Cir.1999) (internal quotations and alterations omitted). The plaintiff has the burden of establishing unconscionability. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

1. **Procedural Unconscionability**

Inquiry into procedural unconscionability looks at the process by which the parties entered into the contract. *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999). Plaintiffs argue there was a disparity in bargaining power because Mr. Stuebe is not a contract expert. (Pls.' Resp. 7.) Plaintiffs also argue the suit-limitation clause is procedurally unconscionable because Defendant's failed to provide Mr. Stuebe with a physical copy of the terms and conditions of sale, making them only available on its website. (Pls.' Resp. 7.) However, Judge Settle considered and dismissed these arguments in his order granting in part Defendant's first Motion for Summary Judgment. (J. Settle Opinion 5-6.) Specifically, Judge Settle held "that the notice of incorporation was reasonably identifiable and that the Terms and Conditions were readily available for inspection on the relevant website." (J. Settle Opinion 6.) In addition, Judge Settle found "Mr. Stuebe is a reasonable person who signed immediately

below the notice of incorporated Terms and Conditions." (J. Settle Opinion 6.) Given these previous determinations—that Mr. Stuebe was fit to enter into the contract at issue in this case and that the terms and conditions were reasonably available—Plaintiffs cannot now re-package the same arguments, present them to this Court, and expect different results.

### 2. Substantive Unconscionability

"Substantive unconscionability refers to contractual terms that are unreasonably or grossly favorable to one side and to which the disfavored party does not assent." *Hopkins v. New Day Fin.*, 643 F. Supp. 2d 704, 718 (E.D. Pa. 2009) (citing *Huegel v. Mifflin Constr. Co..*, 2002 PA Super 94). With respect to substantive unconscionability, Plaintiffs argue three months is not enough time for a plaintiff to realize the full extent of his or her damages and prepare a lawsuit. (Pls'. Resp. 8.)

Inasmuch as substantive unconscionability considers the reasonableness of a contract's terms, there is some overlap with the manifestly unreasonable standard. Defendant points to one relevant guiding principle that can be derived from the sparse Pennsylvania case law on the manifestly unreasonable standard: a suit-limitation clause is unreasonable if the limitations period ends before a plaintiff can discover the cause of action. (Mem. Supp. Mot. Summ. J. 5 (citing *Neville Chem. Co. v. Union Carbide Corp.*, 422 F.2d 1205, 1217 (3d Cir. 1970)).) Plaintiffs here do not argue they learned of their cause of action after the end of the ninety-day period nor does it appear that they can. As expressed in Mr. Stuebe's July 5, 2017 email to one of Defendant's representatives, Mr. Stuebe knew right away that he was "pretty messed up," and he had to have "a rod put in [his] leg." (Email from D. Stuebe to C. Strader, (Jul. 5, 2017, 09:18 Time Zone Uncertain) (Wolfe Decl. Ex. E).) Thus, Plaintiffs knew of their cause of action promptly at the beginning of the ninety-day period.

To the extent Plaintiffs argue they did not know the full severity of Mr. Stuebe's injuries early enough to file a lawsuit before the end of the ninety-day suit limitation, their argument is not availing. The Pennsylvania Supreme Court has held it is not necessary for suit-limitation clauses to provide a plaintiff with enough time to fully determine the extent of his or her damages. *Watters v. Fisher*, 139 A. 842, 842-844 (Pa. 1927) (holding "[i]f [plaintiff] had the legal right to proceed, the mere fact that the amount of damage would be difficult of ascertainment furnished no excuse for not doing so"); *Holtby v. Zane*, 69 A. 674, 674-676 (Pa. 1908) (enforcing a six month suit-limitation clause and rejecting the argument that a limitations period should be measured from the time a plaintiff's loss is fully ascertained). Thus, although ninety days is on the shorter side, this Court holds the ninety-day suit-limitation provision at issue in this case is not substantively unconscionable under the particular facts of this case.

## V. CONCLUSION

For the reasons set forth above, the suit limitation clause at issue here, under the facts at issue here, is enforceable. Consequently, pursuant to the parties' agreement, Plaintiffs' claims are barred because they did not bring suit within ninety days of July 5, 2017. As such, Defendant is entitled to judgment as a matter of law and Defendant's Motion for Summary Judgment shall therefore be granted.

An appropriate order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II     J.